UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LUIS ARMANDO MESTA,

Petitioner,

v.

JOHN MYRICK,

Respondent.

Case No. 2:14-cv-01625-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner, an inmate at Two Rivers Correctional Institution, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his appellate counsel provided ineffective assistance by failing to raise a meritorious argument during direct appeal proceedings. Respondent argues that petitioner is not entitled to relief because his claim was denied in a state court decision entitled to deference. For the reasons explained below, the petition is denied.

BACKGROUND

In March 2007, petitioner was tried before a jury on five counts of First Degree Sexual Abuse. *Mesta v. Franke*, 261 Or. App. 759, 761, 322 P.3d 1136 (2014). The State alleged that

Page 1 - OPINION AND ORDER

petitioner touched the breasts of five children while he worked as a receptionist at a children's health clinic. *Id.* The children testified at trial, and the State introduced the testimony of Dr. Oddo, a pediatrician who had examined the children. Petitioner's trial counsel objected to Dr. Oddo's testimony and argued that the jury would give his testimony undue weight in the absence of supporting physical evidence. *Id.* at 773-76, 322 P.3d 1136. The trial court overruled petitioner's objection. Dr. Oddo testified and rendered diagnoses of sex abuse with respect to three of the five children. *Id.* at 761-63, 322 P.3d 1136. Dr. Oddo admitted that he detected no physical signs of abuse and his diagnoses and testimony were based on interviews with the children and their caregivers. *Id.* at 762-63, 322 P.3d 1136.

The jury convicted petitioner of four counts of Sexual Abuse in the First Degree and acquitted petitioner of the fifth count. *Id.* at 766, 322 P.3d 1136.

The trial court sentenced petitioner to consecutive and concurrent sentences totaling 150 months' imprisonment. Resp't Ex. 101. Petitioner appealed his convictions and asserted that the trial court erred by admitting Dr. Oddo's testimony and the diagnoses of sexual abuse. Specifically, petitioner argued that Dr. Oddo's diagnoses of sex abuse impermissibly commented on and vouched for the credibility of the victims in the absence of supporting physical evidence. Resp't Ex. 104.

Shortly after petitioner filed his opening brief in the Oregon Court of Appeals, the Oregon Supreme Court accepted review in *State v. Southard*, 347 Or. 127, 218 P.2d 104 (2009). Similar to petitioner's case, *Southard* involved child sex abuse allegations supported by the testimony of a physician who diagnosed sexual abuse in the absence of corroborating physical evidence. The defendant in *Southard* unsuccessfully appealed his conviction, and the Oregon Supreme Court accepted review of the case on three grounds:

Page 2    - OPINION AND ORDER

> (1) Whether a medical diagnosis of child sexual abuse based on the child's claim of abuse and his behavior, without confirming physical evidence, is scientifically valid ....
>
> (2) Whether a medical diagnosis of child sexual abuse in the absence of corroborating physical evidence is unfairly prejudicial.
>
> (3) Whether a diagnosis of child sexual abuse that is based on the evaluator's detailed explanation as to why the child's statement is truthful is an impermissible comment on the credibility of the alleged victim.

*Mesta*, 261 Or. App. at 777, 322 P.3d 1136. The second ground implicated Oregon Evidence Code (OEC) 403, which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Or. R. Evid. 403. The third ground was the same argument raised by petitioner's appellate counsel. Petitioner's counsel did not seek to amend his opening brief to raise OEC 403 after the Oregon Supreme Court granted review in *Southard*.

On March 25, 2009, the Oregon Court of Appeals affirmed petitioner's convictions without opinion, and petitioner sought review with the Oregon Supreme Court. Resp't Ex. 107; *State v. Mesta*, 227 Or. App. 289, 205 P.3d 890 (2009). The Oregon Supreme Court held the petition for review in abeyance pending its decision in *Southard*. Resp't Ex. 110 at 2.

On October 1, 2009, the Oregon Supreme Court decided *Southard* and held that "where, as here, that diagnosis [of sex abuse] does not tell the jury anything that it could not have determined on its own, the diagnosis is not admissible under OEC 403." *Southard*, 347 Or. at 142, 218 P.3d 104. The Court explained that a diagnosis of sex abuse "based primarily on the assessment of the [child's] credibility" was "particularly problematic," because the diagnosis "posed the risk that the jury will not make its own credibility determination, which it is fully capable of doing, but will instead defer to the expert's implicit conclusion that the victim's

reports of abuse are credible." *Id.* at 141, 218 P.3d 104. Accordingly, the Court determined that "the risk of prejudice substantially outweighs the minimal probative value of the diagnosis." *Id.*

On January 21, 2010, the Oregon Supreme Court denied review of petitioner's appeal. Resp't Ex. 108.

Petitioner's appellate counsel then moved to recall the appellate judgment on grounds that petitioner's case was materially indistinguishable from the post-*Southard* case of *State v. Merrimon*, 234 Or App. 515, 228 P.3d 666 (2010). Resp't Ex. 110. There, as in petitioner's case, defense counsel had objected to the admission of a sex abuse diagnosis as an impermissible comment on the victim's credibility. *Id.* at 518, 228 P.3d 666. Petitioner's counsel emphasized that in *Merrimon* the Oregon Court of Appeals found admission of the diagnosis to be plain error under OEC 403, regardless of whether defense counsel objected on OEC 403 grounds. Resp't Ex. 110. The Oregon Court of Appeals denied petitioner's motion and the Oregon Supreme Court denied review. Resp't Exs. 112, 114.

Petitioner subsequently filed a petition for post-conviction relief (PCR) and alleged that appellate counsel was constitutionally ineffective for failing to raise OEC 403 after the Oregon Supreme Court granted review and/or decided *Southard*. Resp't Exs. 115-16. The PCR court decided the petition and stated, "There was no way to know what theory the courts would have based the *Southard* decision on. It's not as though [appellate counsel] had a chance to read through *Southard* and blew it…This was a total change of the law…I think this attorney went to extraordinary measures to try to get this case looked at again." Resp't Ex. 122 (Transcript at 16-17), Ex. 123. The Oregon Court of Appeals affirmed in a written opinion, and the Oregon Supreme Court dismissed the petition for review. Resp't Exs. 126-27, 130; *Mesta*, 261 Or. App. 759, 322 P.3d 1136.

Page 4   - OPINION AND ORDER

On October 14, 2014, petitioner filed his federal habeas petition under 28 U.S.C. § 2254. On May 28, 2015, petitioner filed a supplemental petition.

## DISCUSSION

Petitioner raises two grounds in his supplemental petition. In Ground One, petitioner asserts that the trial court erred by admitting the testimony of Dr. Oddo over trial counsel's objection that the testimony would vouch for the credibility of the child witnesses, mislead and confuse the jury, and deny petitioner's right to a fair trial. Suppl. Pet. at 7 (ECF No. 29). Respondent argues that this claim was not fairly presented to the Oregon courts on federal constitutional grounds and is barred from federal review. Petitioner submitted no briefing or argument in support of Ground One and fails to carry his burden of showing entitlement to federal habeas relief. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (a habeas petitioner bears the burden of proving his claims).

In Ground Two, petitioner asserts that his appellate counsel was constitutionally deficient by failing to raise OEC 403. Suppl. Pet. at 7; *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, petitioner alleges that his appellate counsel should have 1) moved to amend his opening brief and raise OEC 403 after the Oregon Supreme Court granted review in *Southard*; or 2) moved to recall the appellate judgment and file a petition for plain error review on OEC 403 grounds after the Oregon Supreme Court decided *Southard*. Pet'r Br. at 15-20 (ECF No. 63). The Oregon Court of Appeals rejected petitioner's claims in a written opinion, and respondent maintains that the court's decision is entitled to deference. I agree.

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is

Page 5  - OPINION AND ORDER

"contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 653, 664 (2004)).

Under well-established Supreme Court precedent, a prisoner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To establish deficient performance in this case, petitioner must show that counsel unreasonably failed to raise the OEC 403 issue at some point during direct appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To establish prejudice, petitioner must show "a reasonable probability that, but for his counsel's unreasonable failure to [raise OEC 403], he would have prevailed on his appeal." *Id.* at 285-86. Unless petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

Here, the Oregon Court of Appeals rejected "petitioner's argument that his appellate counsel's failure to raise the OEC 403 argument after the Supreme Court accepted review in *Southard* rendered his counsel's performance constitutionally inadequate." *Mesta*, 261 Or. App.

Page 6 - OPINION AND ORDER

at 778, 322 P.3d 1136. Petitioner contends that the Oregon Court of Appeals applied *Strickland* in an objectively unreasonable manner, because the OEC 403 issue was apparent from the record and appellate counsel had a duty to raise arguments potentially beneficial to petitioner. Petitioner further maintains that if counsel raised and argued the OEC 403 issue, petitioner's appeal would have resulted in a new trial in light of the *Southard* decision.

Significantly, the Oregon Court of Appeals found that appellant counsel's failure to raise OEC 403 was not unreasonable because the "state of the law" at the time allowed the admission of a sexual abuse diagnosis. *Mesta*, 261 Or. App. at 768-69, 778, 322 P.3d 1136 (discussing *State v. Sanchez-Cruz*, 177 Or. App. 332, 33 P.3d 1037 (2001)). The court explained:

> [I]t must first be noted that, although the Supreme Court had indicated that the OEC 403 issue *might* be considered in *Southard,* there was nothing to particularly indicate that the court was going to decide the case on that issue, let alone decide it in a manner favorable to petitioner. Indeed, *Southard* represented a substantial departure from previous law....
>
> In assessing the performance of appellate counsel, the potential benefits of raising the OEC 403 issue after the Supreme Court accepted review in *Southard* may seem large; however, those potential benefits appear vastly more speculative without the assistance of hindsight. In considering whether to raise an OEC 403 argument in this court after the Supreme Court took review in *Southard,* the following facts confronted appellate counsel. First, counsel would have had to seek the permission of this court to raise the issue....
>
> Assuming, then, that appellate counsel could have reasonably expected us to exercise our discretion to allow petitioner to present an OEC 403 argument, there was nothing, in light of *Sanchez-Cruz,* to reasonably indicate to counsel that the outcome of the appeal in this court would be any different than what it eventually was....Petitioner points us to no authority for the proposition that appellate counsel is ineffective for failing to anticipate a change in the law when there is controlling, contrary precedent during the entire pendency of the appeal.
>
> ***
>
> In sum, appellate counsel may have reasonably decided, given the circumstances that we have discussed above, that raising OEC 403 after the Supreme Court granted review in *Southard* was not worth the candle.

*Mesta*, 261 Or. App. at 781-82, 784, 322 P.3d 1136 (internal citations and footnote omitted).

Page 7   - OPINION AND ORDER

The Oregon Court of Appeals further noted that the briefing submitted in *Southard* reasonably suggested that OEC 403 "would not be central to the eventual resolution of that case." *Id.* at 783, n.6, 322 P.3d 1136. The Court of Appeals emphasized that the opening appellate brief in *Southard* devoted "approximately 24 pages" to the argument that the diagnosis of sexual abuse was not valid scientific evidence and only "three pages to the OEC 403 argument." *Id.*

In other words, the Oregon Court of Appeals found no deficiency in light of then-prevailing Oregon law and the relevant record before the Oregon Supreme Court. The Oregon Court of Appeals expressly found that the *Southard* decision was a "substantial departure" from previous law, a departure that was not foreseeable from the record. *Mesta*, 261 Or. App. at 781-83, 322 P.3d 1136; *see also Umberger v. Czerniak*, 232 Or. App. 563, 564-55, 222 P.3d 751 (2009) (explaining that a diagnosis of sexual abuse was previously admissible under Oregon law and "[o]nly recently, in [*Southard*] did the Oregon Supreme Court hold differently"). Importantly, this Court must accept the Oregon Court of Appeals' interpretation of Oregon law. *See Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law."). Further, on federal habeas review, a state court decision "must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *See Richter*, 562 U.S. at 101.

Given the deference it must be afforded, the Oregon Court of Appeals reasonably found that – "without the benefit of hindsight" – counsel was not deficient in failing seek amendment of the opening brief to raise the OEC 403 issue. *Mesta*, 261 Or. App. at 783, 322 P.3d 1136; *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

Page 8 - OPINION AND ORDER

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). It is well-established that an attorney is not expected to anticipate future court rulings, particularly when the circumstances do not portend the ruling that subsequently issues. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).

The Oregon Court of Appeals also rejected petitioner's claim that he was prejudiced by appellate counsel's failure to raise OEC 403 after *Southard* was decided. *Mesta*, 261 Or. App. at 785, 322 P.3d 1136. Petitioner argues that the Oregon Court of Appeals' decision contradicted *Strickland* because it required petitioner to show that the outcome of his appeal "would have been different" rather than a reasonable probability of a different outcome. Pet'r Br. in Support at 21 (citing *Mesta*, 261 Or. App. at 785, 322 P.3d 1136); *Strickland*, 466 U.S. at 694 (a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *see also Robbins*, 528 U.S. at 285-86.

However, petitioner emphasizes one sentence of the Oregon Court of Appeals' decision and ignores the numerous times it explained that petitioner must show either "a reasonable probability" or "it is more likely than not" that his appeal outcome would have been different. *See Mesta*, 261 Or. App. at 771, 785-86, 322 P.3d 1136. Moreover, the Oregon Court of Appeals expressed skepticism that it "would have exercised [its] discretion to allow petitioner to present [the OEC 403] argument, let alone that [it] would have then exercised it a second time to reverse petitioner's convictions based on OEC 403 as a matter of plain error." *Id.* Petitioner presents no argument to show that the Oregon Court of Appeals was objectively unreasonable in assessing the probability of its own actions.

Accordingly, the Oregon Court of Appeals' decision was not contrary to or an unreasonable application of *Strickland*, and habeas relief is denied.

Page 9  - OPINION AND ORDER

## CONCLUSION

The Supplemental Petition for Writ of Habeas Corpus (ECF No. 29) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 25th day of September, 2017.

Ann Aiken
United States District Judge